UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | COMPLAINT |
| v. | Civil Action No. 4:09-CV-90 |
| NURSE ONE/ TEAM ONE, LLC, | Mattice/Lee |
| Defendant. | JURY DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Renee Neal and a class of female employees who were adversely affected by such practices. As alleged with greater particularity in paragraphs 8 through 10 below, the Equal Employment Opportunity Commission ("Commission") alleges that Nurse One / Team One, LLC ("Defendant Employer") subjected Renee Neal and a class of female employees to sexual harassment and that Defendant Employer retaliated against Ms. Neal for complaining of the sexually hostile work environment by terminating her employment. This action is also brought under Title I of the Americans with Disabilities Act of 1990 (ADA) to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Renee Neal or other individuals who were adversely affected. The Commission alleges that Defendant violated the ADA by asking disability-related questions on its employment application. 42 U.S.C. § 12112(d)(2).

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This action is also authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates the civil rights statutes above.

2.  The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Winchester Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Employer Nurse One/Team One, LLC, has continuously been a Limited Liability Company doing business in the State of Tennessee and the city of McMinnville, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Defendant Employer

provides health care staff to hospitals, nursing homes, private duty nursing, and mental health facilities.

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Renee Neal filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February 2006, Defendant Employer has engaged in unlawful employment practices at its McMinnville, Tennessee, location in violation of Section 703 and 704 of Title VII, 42 U.S.C. § 2000e-2 and 3.

8. The unlawful employment practices involved subjecting Renee Neal to a sexually hostile work environment because of her sex, female.

    a. Renee Neal began working as a certified nursing assistant for Defendant Employer on September 8, 2005.

    b. On or about February 7, 2006, Defendant agreed to provide home health care to a male client who required two certified nursing assistants at a time, 24 hours a day.

    c. The client requested that Defendant Employer assign only female certified nursing assistants to provide his care.

    d. Defendant assigned Renee Neal to care for the client on or around February 27, 2006.

    e. From the first day that Ms. Neal provided care to the client, he sexually harassed and inappropriately touched Ms. Neal.

f. Specifically, during his bath the client grabbed Ms. Neal's breast, groped her vagina area, and asked for sexual favors.

g. On or around August 15, 2006, the client threw a dildo at Ms. Neal. He shouted, "Why don't you and [the other female certified nursing assistant assigned to the client's home] use this?"

h. Defendant had no sexual harassment policy.

i. Ms. Neal reported these events to Defendant Employer verbally and in writing.

j. Despite the reports of the sexual harassment, Defendant Employer continued to assign Ms. Neal to work in the client's home for 12 hours a day, two to three days a week, for a period of ten months.

k. The unwelcome sexual conduct was sufficiently pervasive and severe to alter the terms and conditions of Ms. Neal's employment and to create an abusive working environment.

l. The effect of the practices complained of in paragraphs 8 a-k above has been to deprive Ms. Neal of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex, female.

9. The unlawful employment practice included retaliation against Ms. Neal because of her complaint of sexual harassment.

a. Ms. Neal continued to complain to Defendant Employer of the client's sexually abusive demeanor.

b. In early January 2007, Ms. Neal warned another certified nursing assistant of the client's actions.

c. On February 12, 2007, Defendant required Ms. Neal to write a letter of apology to this abusive client for talking about him to a co-worker.

d. Ms. Neal wrote a letter, but the client refused to accept it.

e. On March 12, 2007, Defendant terminated Ms. Neal.

f. Defendant Employer terminated Ms. Neal in retaliation for her having complained about the sexually hostile work environment and refusing to tolerate the abusive actions of this client.

g. The effect of the practices complained of in paragraphs 9 a – f above has been to deprive Ms. Neal of equal employment opportunities and to otherwise adversely affect her status as an employee because of retaliation.

10. The unlawful employment practice involved subjecting females as a class to sexual harassment because of their sex.

a. Between February 7, 2006 and April 2007, a class of female employees was assigned to work at the home of the male client referred to above.

b. This class of female employees was subject to sexual harassment by the client.

c. The sexual harassment by the client included touching the female certified nursing assistants' breasts and vagina, insisting they wash his penis repeatedly to the point of sexual stimulation, asking them to get into bed with him and watch pornography on TV, asking them to show him their "titties," and telling other certified nursing assistants that certain females had sex with him.

d. Between February 8, 2006, and April 2007, female employees reported to Defendant Employer at least 25 written reports of the client's sexually abusive behavior.

e. Many of the females as a class reported the behavior to Defendant verbally.

f. Defendant Employer did not investigate these reports.

g. After receiving these reports, Defendant Employer reassigned some of the females who refused to return to this client's home, but replaced these females with other females to work 12-hour shifts at this client's home.

h. Defendant Employer placed a class of female employees in this client's home for durations ranging from one or two days to 10 months.

i. Defendant Employer failed to take any action to stop the alleged sexual harassment, insisting, "Nurses have to put up with that."

j. Defendant did not discontinue service to this client for 14 months; instead, it continued to cycle a class of female employees into his home, knowingly subjecting them to sexual harassment, inappropriate touching, and a sexually hostile work environment.

k. The sexual harassment directed at females as a class was sufficiently severe or pervasive to alter the terms and conditions of their employment and to create an abusive working environment.

l. The effect of the practices complained of in paragraphs 10 a – j above has been to deprive females as a class of equal employment opportunities and to otherwise adversely affect their status as employees because of their sex.

11. The unlawful employment practices complained of in paragraphs 8 -10 above were intentional.

12. The unlawful employment practices complained of in paragraphs 8 – 10 above were done with malice or with reckless indifference to the federally protected rights of Renee Neal and a class of female employees.

13. The unlawful employment practice involved asking applicants on their application pre-employment and prohibited inquiries in violation of the Americans with Disabilities Act of 1990 ("ADA").

   a. 42 U.S.C. § 12112(d)(1)(2)(A) provides that a covered entity shall not make inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity of such disability.

   b. Page one of Defendant Employer's employment application reads, "Do you have any impairment, physical or mental, which could interfere with your ability to perform assignments? *If so please indicate and describe impairments and the work limitations.*"

   c. Defendant Employer's application specifically solicits information about a disability, in violation of the ADA. See 42 U.S.C. § 12112(d)(1)(2)(A); 29 C.F.R.§ 1613.13a.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that permits or condones sexual harassment.

B. Order Defendant Employer to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Renee Neal and other current or former female employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Renee Neal and other current or former female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 – 10 above in amounts to be determined at trial.

E. Order Defendant Employer to make whole Renee Neal and other current or former female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 - 10 above, including emotional distress, pain and suffering, embarrassment, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. . Order Defendant Employer to pay Renee Neal and other current or former female employees punitive damages for its malicious and reckless conduct described in paragraphs 8 - 10 above, in amounts to be determined at trial.

G. Order Defendant Employer to amend its employment application to remove the sentence reading, "If so please indicate and describe impairments and the work limitations."

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
Washington, D.C.

*Jay Williams / SL w/ permission*

**FAYE WILLIAMS**
Regional Attorney
TN Bar No. 11730

*Deidre Smith / SL w/ permission*

**DEIDRE SMITH**
Supervisory Trial Attorney
TN Bar No. 18499

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 621
Memphis, TN 38104
(901) 544-0140

**SALLY RAMSEY**
Senior Trial Attorney
TN Bar No. 18859

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105